IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMBERCREEK INVESTMENTS, LLC, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION 10-0355-WS-M
)
CITY OF DAPHNE PLANNING )
COMMISSION, *et al.*, )
)
    Defendants. )

## ORDER

This matter comes before the Court on plaintiff's Motion to Remand this Action to State Court (doc. 13). The motion has been briefed and is now ripe.

**I.    Relevant Background.**

Plaintiff, TimberCreek Investments, LLC, brought this action against defendants, City of Daphne Planning Commission and City of Daphne, in the Circuit Court of Baldwin County, Alabama. The four-count Complaint filed on June 2, 2010 alleges various causes of action pertaining to defendants' handling of a subdivision plat submitted by TimberCreek, and whether the conveyance in question constituted a subdivision of land at all. Plaintiff's claims for declaratory and mandamus relief arise exclusively under state law; however, Count IV of the Complaint is a cause of action brought under 42 U.S.C. §§ 1983 and 1988 seeking compensatory damages and attorney's fees on the theory that defendants' conduct as to the subdivision plat amounts to "a taking of Plaintiff's property without due process in violation of Plaintiff's rights under the Fourteenth Amendment to the United States Constitution." (Doc. 2, Exh. 1, ¶ 27.)

On July 9, 2010, defendants filed a Notice of Removal (doc. 1), removing the case to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446. In so doing, defendants relied on the due process claim in Count IV, reasoning that this cause of action gives rise to original federal jurisdiction pursuant to 28 U.S.C. § 1331 and therefore supports removal of the entire case. Plaintiff has now moved to remand the case to state court, citing both procedural (timeliness) and substantive (jurisdictional) grounds.

**II.     Analysis.**

To decide the Motion to Remand, the Court need look no further than TimberCreek's procedural objection, to-wit: That the Notice of Removal was untimely. Plaintiff's position is that remand is warranted because defendants did not remove this action to federal court within the time frame prescribed by 28 U.S.C. § 1446(b).[1] That statute provides as follows:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

28 U.S.C. § 1446(b); *see also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008) ("Section 1446 … requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court"). Simply put, "Section 1446(b) requires a notice of removal to be filed within thirty days after the defendant receives the pleading." *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 n.2 (11th Cir. 2003); *see*

---

[1] As a threshold matter, TimberCreek has complied fully with the statutory requirement that a motion to remand on the basis of a procedural defect must be filed within 30 days after removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004) ("a state court plaintiff may seek remand within thirty days after the filing of the notice of removal noting any defect with the removal"). It is well-settled that "[p]etitioning for removal outside the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand." *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989). Here, defendants filed their Notice of Removal (doc. 1) on July 9, 2010, and TimberCreek submitted its Motion to Remand (doc. 13) some 26 days later, on August 4, 2010. There is no doubt, then, that this objection is timely raised. Also, because TimberCreek has actually raised a timeliness objection to the Notice of Removal, this Court's analysis of that issue does not run afoul of the prohibition on district courts remanding a case *sua sponte* for procedural defects. *See, e.g., Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n.1 (11th Cir. 2008) (untimely removal is a procedural defect "and therefore cannot form the basis for a *sua sponte* remand"); *Yusefzadeh*, 365 F.3d at 1245 ("This court has joined its sister circuits in holding that based on the language of § 1447(c), the district court may not *sua sponte* decide to remand the case for any procedural defect other than lack of subject matter jurisdiction."); *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1209 (11th Cir. 2003) ("[t]he law disfavors court meddling with removals based upon procedural – as distinguished from jurisdictional – defects" absent timely objection by plaintiff).

*also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (recognizing and explaining 30-day deadline).

In support of its Motion to Remand, TimberCreek proffers substantial evidence that defendants failed to remove this action within the § 1446(b) time frame. Specifically, plaintiff points out that both defendants, by and through their then-counsel of record, filed a document styled "Notice of Acceptance of Service" in this matter in state court on June 8, 2010. (Doc. 2, Exh. 6.) That Notice reflected that defendants' then-counsel accepted service on their behalf on that date. Moreover, the Notice of Acceptance of Service is buttressed by evidence that plaintiff's counsel transmitted a copy of the Complaint to defendants' then-counsel on June 3, 2010, the day after it was filed in state court. (Motes Aff., ¶ 3 & Exh. A.) So the chronology is as follows: TimberCreek filed its Complaint in state court on June 2, 2010. The next day, it routed that Complaint to defendants' attorneys, who filed a formal acceptance of service in state court on June 8, 2010. Defendants filed the Notice of Removal on July 9, 2010, or 31 days <u>after</u> accepting service. Based on these facts, TimberCreek argues that removal was not achieved within the 30-day deadline established by § 1446(b) and that remand is therefore required.

In response, defendants contest none of the foregoing. They do not challenge the validity of plaintiff's timeline. Far from disputing this procedural basis for remand, defendants openly "admit that the 30-day time limitation addressed by the Plaintiff in its Motion to Remand is appropriate." (Doc. 17, at 1.) Although defendants set forth a detailed argument about the jurisdictional ground for the Motion to Remand, they offer no factual or legal basis for opposing remand on the procedural ground.[2] Under the circumstances, the Court is left with the clear, uncontroverted impression that defendants did not timely remove this case to federal court. After all, § 1446(b) provides that a notice of removal must be filed within 30 days after service of the complaint. It is undisputed that defendants accepted service on June 8, 2010, yet did not file their notice of removal until July 9, 2010, some 31 days later.

---

[2] In fairness, defendants' counsel do state that they were not representing defendants at the time the acceptance of service was filed by predecessor counsel on June 8, 2010, and that they were unaware of its existence prior to the Motion to Remand. Accordingly, nothing herein should be construed as a suggestion that defendants' present counsel have comported themselves in anything other than good faith in removing this case when they did.

Where a plaintiff timely seeks remand of an action removed after the § 1446(b) deadline, courts routinely order remand. *See, e.g., Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with § 1446(b) timeliness requirement for removal "can fairly be said to render the removal 'defective' and justify a remand pursuant to § 1447(c)").[3] Defendants have offered no argument or authority that might support a different analysis or outcome here, but have openly conceded that "the 30-day time limitation … is appropriate." (Doc. 17, at 1.) In the absence of any proffered legal or factual ground for denying remand on the basis of this procedural defect, and given defendants' burden to establish the propriety of removal, the Court will not *sua sponte* endeavor to formulate defendants' arguments for them.[4]

**III.   Conclusion.**

For all of the foregoing reasons, the Court finds that remand of this action to state court is appropriate pursuant to 28 U.S.C. § 1447(c), on the ground that removal was untimely. Accordingly, plaintiff's Motion to Remand (doc. 13) is **granted**, and this action is **remanded** to the Circuit Court of Baldwin County, Alabama, for further proceedings.

DONE and ORDERED this 7th day of September, 2010.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]   *See also Webster v. Dow United Technologies Composite Products, Inc.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996) (opining that § 1446(b) time requirement "is mandatory and must be strictly applied" and that "[t]imely objection to a late petition for removal will therefore result in remand"); *White v. Osha Security, Inc.*, 2009 WL 1748234, *2 (M.D. Ala. June 19, 2009) (similar); *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp.2d 1148, 1151 (M.D. Fla. 2000) ("Under 28 U.S.C. § 1447(c), the Court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal.").

[4]   *See generally Webster*, 925 F. Supp. at 729-30 ("when a plaintiff questions the propriety of a defendant's removal petition, the defendant bears the burden of showing that removal was proper"); *Miller v. All Star, Inc.*, 2010 WL 1410554, *2 (N.D. Ga. Mar. 30, 2010) ("the burden is on defendant to show that removal was proper"); *Lazo v. U.S. Airways, Inc.*, 2008 WL 3926430, *1 (S.D. Fla. Aug. 26, 2008) ("The burden rests with the removing party to show that it followed the proper removal procedures.").